UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| CHANDRASI GAEKWAR, a single individual,<br><br>Plaintiff,<br><br>v.<br><br>AMICA MUTUAL INSURANCE COMPANY, a foreign corporation,<br><br>Defendant. | Case No. 2:22-cv-1551<br><br>King County Case No. 22-2-16255-4 SEA<br><br>**NOTICE OF REMOVAL PURSUANT TO 28 USC §1332, 28 USC §1441 and 28 USC §1446**<br><br>(Clerk's Action Required) |

TO:   The Clerk of the United States District Court
      for the Western District of Washington;

AND TO:   Plaintiff and Plaintiff's Counsel of Record.

**PLEASE TAKE NOTICE** that Defendant Amica Mutual Insurance Company hereby removes to this Court the state court action described below. In support thereof, Defendant states as follows:

1.   Plaintiff filed the initial Summons and Complaint with King County Superior Court on October 7, 2022.  See **Exhibit A** (Plaintiff's Complaint) **Exhibit B** (Summons).  The Cause Number assigned to the above-mentioned case is 22-2-16255-4 SEA.

## COMPLETE DIVERSITY EXISTS

2. In the Complaint, Plaintiff is purportedly a resident of King County, Washington. *See* **Ex. A**, ¶1.

3. Defendant Amica Mutual Insurance is a foreign insurance company headquartered and with its principal place of business in the State of Rhode Island. AMICA is a citizen of Rhode Island. For purposes of determining diversity jurisdiction under 28 U.S.C. §1332, AMICA is a Rhode Island resident.

## AMOUNT IN CONTROVERSY

4. The removing Defendant bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

5. In Plaintiff's Complaint, Plaintiff alleges he is entitled to insurance coverage under a policy of insurance issued by Amica Mutual Insurance, policy no. 90054621TQ (hereinafter the "Policy"). *See generally* **Exhibit E.**

6. The subject policy provides UIM coverage in the amount of $300,000 per person, subject to the terms and conditions of the Policy. *Id.*

7. Plaintiff's complaint references the notice of intent letter served on Amica Mutual Insurance and the Office of the Insurance Commissioner. This letter states that, "additional documents were provide [*sic*] to Amica along with an opportunity to settle the UIM claim for $140,000 new money." **Exhibit F** attachment C. The amount in controversy is thereby at least $140,000.

8. Plaintiff maintains he is entitled to contractual benefits in addition to extracontractual remedies. *See generally* **Ex. E.**

9. In addition to general and special damages, Plaintiff alleges that Allstate is liable to Plaintiff for enhanced damages including, without limitation, **treble damages** as authorized by the Insurance Fair Conduct Act and for reasonable attorneys' fees and costs incurred in the prosecution of this action. *See* **Exhibit A**, *Prayer for Relief*. The amount in controversy, exclusive of interest and costs, therefore, exceeds $75,000.00.

10. Further, where an underlying statute authorizes an award of attorney's fees, such fees may be included in the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). A reasonable estimate of attorney's fees likely to be expended throughout the entire litigation is properly included within the amount in controversy. *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998).

11. After combining the contractual damages, noneconomic damages, and general damages including trebling of damages pursuant to RCW 48.30.015(2)-(3), Defendant has shown, by a preponderance of the evidence, that the amount in controversy requirement for diversity jurisdiction is met.

## JURISDICTION

12. For purposes of determining jurisdiction under 28 U.S.C. § 1332, Plaintiff is a citizen of the State of Washington. Defendant is a citizen of the State of Rhode Island.

13. The amount in controversy exceeds $75,000.00, exclusive of interest.

14. This Court, therefore, has jurisdiction pursuant to 28 U.S.C. § 1332 and removal is proper pursuant to 28 U.S.C. § 1441.

## TIMELINESS

15. Defendant believes that the Summons and Complaint were filed by Plaintiff on October 4, 2022. The date of filing this Notice of Removal is believed to be within thirty (30)

days from the date this matter first became removable.

## INTRADISTRICT ASSIGNMENT

16. Pursuant to Local Rule 3(e) for the United States District Court for the Western District of Washington, this case should be assigned to the Seattle Division because the case is removed from King County Superior Court. Plaintiff alleges in the Complaint that he is a resident of King County, and that Amica is a foreign insurer doing business in the State of Washington. *See,* Exhibit A ¶¶ 1 and 2.

## COPY OF SUMMONS AND COMPLAINT

In accordance with Western District of Washington Local Rule 101(b), counsel for Defendant hereby verifies that these Exhibits, along with this Notice of Removal, are true and complete copies of all the records and proceedings filed in the state court in this matter. Pursuant to Local Rule 101(b), Defendant is also filing contemporaneously with this Notice of Removal a copy of the operative complaint as a separate attachment in the ECF system labeled as the complaint.

1. Attached to this Notice as **Exhibit A** is a true and correct copy of Plaintiff's initial and Complaint filed October 7, 2022.

2. Attached to this Notice as **Exhibit B** is a true and correct copy of Plaintiff's Summons filed October 7, 2022.

3. Attached to this Notice as **Exhibit C** is a true and correct copy of the Insurance Commissioners Proof of Service dated October 13, 2022.

4. Attached to this Notice as **Exhibit D** is a true and correct copy of the Notice of Appearance filed October 21, 2022.

5. Attached to this Notice as **Exhibit E** is a true and correct copy of the Declaration Pages of Plaintiff's AMICA Policy.

6. Attached to this Notice as **Exhibit F** is a true and correct copy of the IFCA Complaint dated July 25, 2022.

7. Defendant will file the appropriate notice of this removal with the Clerk of the King County Superior Court for Cause Number 22-2-16255-4. A copy of this Notice is attached as **Exhibit G.**

DATED this 2nd day of November 2022.

**WATHEN | LEID | HALL | RIDER, P.C.**

*s/ Rory W. Leid, III*
Rory W. Leid, III, WSBA #25075

*s/ Lucy B. Wilhelm*
Lucy B. Wilhelm, WSBA #57130
*Attorney for Amica*
222 Etruria Street
Seattle, WA 98109
Tel: (206) 622-0494 | Fax: (206) 587-2476
rleid@cwlhlaw.com | lwilhelm@cwlhlaw.com

## CERTIFICATE OF SERVICE

The undersigned makes the following declaration certified to be true under penalty of perjury pursuant to RCW 9A.72.085:

On the date given below, I hereby certify that I caused the foregoing to be filed using the United States District Court for Western District of Washington – Document Filing System (CM/ECF) and a true and correct copy to be served on the following parties in the manner indicated:

| **Counsel for Plaintiff:**<br>David J. Balint, WSBA #05881<br>BALINT & ASSOCIATES, PLLC<br>5950 Sixth Avenue South, #200<br>Seattle, WA  98108<br>T : 206 728 7799<br>dbalint@balintlaw.com<br>rettienne@balintlaw.com | **Via Email/E-Service**<br>**Via US Mail** |
|---|---|

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated this 2nd day of November 2022, at Seattle, Washington.

*s/ Brianna Asman*
Brianna Asman, Legal Assistant
basman@cwlhlaw.com