# EXHIBIT A

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| CHANDRASI GAEKWAR, a single individual,<br>Plaintiff,<br>v.<br>AMICA MUTUAL INSURANCE COMPANY, a foreign corporation;<br>Defendants. | No. 22-2-16255-4 SEA<br><br>COMPLAINT FOR BREACH OF CONTRACT AND INSURANCE BAD FAITH AND VIOLATIONS OF THE INSURANCE FAIR CONDUCT ACT AND CONSUMER PROTECTION ACT |

Comes now the plaintiff above named by and through his respective attorneys of record, and for cause of action against the defendant, alleges as follows:

I.

That plaintiff, Chandrasi Gaekwar, is a single individual who, at all times material hereto resided in the State of Washington, in King County.

II.

That defendant, AMICA Mutual Insurance Company, is and was at all times material hereto an "insurer" as defined in RCW 46.01.050 doing business as AMICA Mutual Insurance Company and doing business in the State of Washington.



BALINT & ASSOCIATES, PLLC
5950 SIXTH AVE SOUTH, #200
SEATTLE, WA 98108
Phone: (206) 728-7799
Fax: (206) 728-2729

III.

That plaintiff purchased a policy of automobile liability insurance from defendant Insurance Company, policy number 90054621TQ, effective May 28, 2019 through May 28, 2020. Said policy included coverage for personal injuries caused by an underinsured driver, which UIM limits are $300,000. That a true copy the declarations page of said policy is attached hereto as Exhibit A and incorporated herein by reference.

IV.

That on or about January 25, 2020 plaintiff was injured when the vehicle he was driving was rear ended by an underinsured driver, Edgar Campos Garcia, as described in the traffic collision report, a true copy of which is attached hereto as Exhibit B.

V.

That underlying tortfeasor, Edgar Campos Garcia, had a liability coverage limit of $50,000.

VI.

That demand was made of the tortfeasor for the aforesaid policy limits by letter dated November 4, 2020 which letter was also directed to the defendant herein and which demand included the following documentation:

| **Doc. No.** | **Document Description** |
|---|---|
| 1 | Police Report |
| 5 | PD Photos Provided by Gaekwar |
| 5.1 | Amica PD Photos for Gaekwar's Vehicle |
| 5.3 | Revised PD Estimate from Amica |
| 6 | Injury Photos of Chandrasi Gaekwar |
| 10 | Letter from Dr. Kriseman to Suspend Gym Membership |
| 14.1 | 7/28/15 - 3/26/20 Overlake Primary Care Clinic Records |



BALINT & ASSOCIATES, PLLC
5950 SIXTH AVE SOUTH, #200
SEATTLE, WA 98108
Phone: (206) 728-7799
Fax: (206) 728-2729

| | |
|---|---|
| 14.2 | 1/27/20 - 3/26/20 Overlake Primary Care Clinic Bills |
| 15 | 1/31/20 Radia Bill |
| 16.1 | 2/4/20 – 9/30/20 Innova PT Records |
| 16.2 | 2/4/20 – 9/30/20 Innova PT Bills |
| 17.1 | 6/14/17 - 3/4/20 Proliance Orthopedics Records |
| 17.2 | 2/18/20 - 3/4/20 Proliance Orthopedics Bills |
| 18.1 | 1/31/20 Evergreen Health X-Ray Record |
| 18.2 | 1/31/20 Evergreen Health X-Ray Bill |
| 7 | Proof of Medicare Form |

VII.

That said demand letter included the following language:

"Plaintiff hereby gives Nationwide the opportunity to settle for Mr. Garcia's policy limits of $50,000. This is subject to a *Hamilton* buy out by Amica…."

VIII.

That defendant AMICA Mutual Insurance Company waived its buyout rights referred to in the foregoing paragraph on November 13, 2020.

IX.

On December 1, 2020, the underlying claim was settled for the policy limits of $50,000. On February 9, 2021, plaintiff sent an updated UIM demand to AMICA asking AMICA to evaluate the claim and expressing the potential need for left total replacement knee surgery. On March 4, 2021 the defendant responded with an offer of a $10,000 PIP waiver, as well as $1,000 new money. Plaintiff rejected this offer on March 22, 2021.

X.

On September 27, 2021 a Medical Records Review was conducted by Dr. Sean Kearney, MD at the request of AMICA Mutual Insurance Company.



BALINT & ASSOCIATES, PLLC
5950 SIXTH AVE SOUTH, #200
SEATTLE, WA 98108
Phone: (206) 728-7799
Fax: (206) 728-2729

XI.

That plaintiff continued to treat until his surgery of December 15, 2021 where he had a total left knee replacement follow by physical therapy and other post surgery therapies. An updated demand with the following documentation was sent to AMICA on June 30, 2022.

| Doc. No. | Document Description |
|---|---|
| 20.1 | 10/21/21 - 01/25/22 Tri-County Orthopedics Records |
| 20.2 | 10/21/21 - 01/25/22 Tri-County Orthopedics Bills |
| 21.1 | 11/29/21 - 12/15/21 Morristown Memorial Hospital Records |
| 21.2 | 11/29/21 - 12/15/21 Morristown Memorial Hospital Bills |
| 22.1 | 12/01/21 - 3/31/22 Professional PT & Training Records |
| 22.2 | 12/01/21 - 3/31/22 Professional PT & Training Bills |
| 26.1 | 12/15/21 - 12/24/21 Atlantic Rehab Institute Records |
| 26.2 | 12/15/21 - 12/24/21 Atlantic Rehab Institute Bills |
| 28 | Himalaya Hike Photos |
| 27 | CV of Dr. Robert T. Goldman, MD |
| 27.1 | Declaration of Dr. Robert T. Goldman, MD |

XII.

In response to the updated demand letter of June 30, 2022, which included substantial new information, AMICA responded on July 18, 2022, holding firm to their stance of the original offer of $10,000 PIP waiver and $1,000 new money.

XIII

The defendant insurance company was given the reasonable opportunity to investigate the claims of the plaintiff and obtain sufficient information to reasonably know the extent of the damages to the plaintiff.



BALINT & ASSOCIATES, PLLC
5950 SIXTH AVE SOUTH, #200
SEATTLE, WA 98108
Phone: (206) 728-7799
Fax: (206) 728-2729

XIV.

The business of insurance, as well as the practice of insurers, agents, and adjusters, are subject to the Consumer Protection Act, RCW 19.86.010, et. seq. and the Washington Insurance Fair Conduct Act, RCW 48.30.010 et. seq.

XV.

The defendant, by and through its agents, employees, and counsel, has violated the Washington Consumer Protection Act, RCW 19.86, et. seq., by its violations of the standards promulgated by the Washington State Insurance Commissioner as contained in WACs 284-30-330 et seq., as described elsewhere herein, thereby entitling the plaintiff to the additional recoveries allowed thereunder, including the trebling of damages and attorneys' fees and actual litigation costs.

XVI.

More than twenty days prior to the commencement of this suit, plaintiff served notice of intent to commence this action on defendant AMICA Mutual Insurance Company and on the Office of the Insurance Commissioner thereby giving AMICA the opportunity to reevaluate the claim without the need for litigation. Plaintiff has thus satisfied any requirements imposed by RCW 48.30.015 (8) (a). A true copy of said notice of intent is attached hereto as Exhibit C and by this reference is incorporated herein.

XVII.

Defendant further violated RCW 48.30.015 et.seq., and the Washington Administrative Code sections promulgated pursuant thereto by including, but not limited to: failing to adopt and implement reasonable standards for the prompt investigation of claims



BALINT & ASSOCIATES, PLLC
5950 SIXTH AVE SOUTH, #200
SEATTLE, WA 98108
Phone: (206) 728-7799
Fax: (206) 728-2729

arising out of claims made by its insureds in violation of WAC 284-30-330(3).

XVIII.

Defendant further violated RCW WAC 284-30-370 by, among other things, failing to complete an investigation of plaintiff's claim within thirty days after notification of that claim, which notification occurred no later than the June 30, 2022 demand letter referenced above.

XIX.

Defendant AMICA further violated RCW 48.30.015 et. seq., and the Washington Administrative Code sections promulgated pursuant thereto by, among other things, not attempting in good faith to effectuate prompt, fair, and equitable settlement of plaintiff's claim in which the liability of the underlying tortfeasor had not only become reasonably clear, but was uncontested in violation of WAC 284-30-330 (6).

XX.

Defendant further violated RCW 48.30.015 et.seq., and the Washington Administrative Code sections promulgated pursuant thereto by, among other things, compelling plaintiff to institute litigation (whether by binding arbitration or suit in Superior Court as authorized by RCW 48.30.015 (1)) to recover amounts due under his insurance policy UIM coverage by offering substantially less than the amounts that will ultimately be recovered in violation of WAC 284-30-330 (7).

XXI.

Defendant further violated RCW 48.30.015, et.seq. and the Washington Administrative Code sections promulgated pursuant thereto by, among other things, failing,



BALINT & ASSOCIATES, PLLC
5950 SIXTH AVE SOUTH, #200
SEATTLE, WA 98108
Phone: (206) 728-7799
Fax: (206) 728-2729

despite repeated demand to provide a cogent basis and explanation for the aforesaid offer in violation of WAC 284-30-330 (13).

XXII.

Defendant further violated RCW 48.30.015 by, among other things, continuing to fail to adjust the initial offer after receiving substantial new information regarding the plaintiff's surgery on December 15, 2021, information which was provided in the updated demand of June 30, 2022.

XXIII.

Defendant is further in bad faith by, among other things:

- Failing to offer any explanation to justify rejecting the opinions of treating medical practitioners.
- Selecting a records reviewer medical practitioner who may prove to be biased;
- Failing consider all documentation made available to defendant and failing to provide said records reviewer with information available to defendant;
- Failing to give equal consideration to plaintiff's interests and its own interests;
- Making low-ball offers not based on reasonable evaluations and by cherry picking information in a bad faith attempt to support said low-ball offers.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against the defendant for such sums as will fairly compensate him for his harms and losses sustained, pain and suffering, and all other damages allowable under the laws of the State of Washington, in such sums as are



BALINT & ASSOCIATES, PLLC
5950 SIXTH AVE SOUTH, #200
SEATTLE, WA 98108
Phone: (206) 728-7799
Fax: (206) 728-2729

justified and warranted by the evidence in this case and as are determined by the trier of fact, which amount should be trebled in accordance with the Washington Consumer Protection Act and the Washington Insurance Fair Conduct Act, after an offset of $10,000 previously paid by defendant under its PIP coverage and after offset paid by the underlying settling tortfeasor, together with actual and statutory litigation costs, including expert witness fees, including reasonable attorney's fees in amounts to be proved at trial, and for such other and further relief as the court deems just and proper.

Dated this 4th day of October, 2022.

BALINT & ASSOCIATES, PLLC

By [signature]
David J. Balint (WSBA # 5881)
Of Attorneys for Plaintiff



BALINT & ASSOCIATES, PLLC
5950 SIXTH AVE SOUTH, #200
SEATTLE, WA 98108
Phone: (206) 728-7799
Fax: (206) 728-2729

**CERTIFICATE OF SERVICE**

I hereby declare under the penalty of perjury under the laws of the State of Washington that I have served a true and correct copy of the foregoing, except where noted, upon the individual(s) listed by the following means:

AMICA Mutual Insurance Company
C/O Office of the Insurance Commissioner
Service of Legal Process
PO Box 40255
Olympia, WA 98504

[X] U.S. Postal Service (First Class)
[ ] Facsimile to ________________
[ ] Hand Delivery ______________
[ ] Via Legal Messenger for Service by ABC Legal
[ ] E-Service

DATED: 10-6-22

By: [signature]
Name: Reno Ettienne
Title: Paralegal



BALINT & ASSOCIATES, PLLC
5950 SIXTH AVE SOUTH, #200
SEATTLE, WA 98108
Phone: (206) 728-7799
Fax: (206) 728-2729

# EXHIBIT B

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| CHANDRASI GAEKWAR, a single individual,<br>Plaintiff,<br>v.<br>AMICA MUTUAL INSURANCE COMPANY, a foreign corporation;<br>Defendants. | No. 22-216255-4 SEA<br>SUMMONS |

TO: AMICA MUTUAL INSURANCE COMPANY, and their attorneys,

A lawsuit has been started against you in the above-entitled court by plaintiff. Plaintiff's claim is stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing and serve a copy upon the undersigned attorney for the plaintiff within 20 days after the service of this summons if served within the State of Washington (or within 60 days after said service, if served without the State of Washington), excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiffs are entitled to what they seek because you have not responded. If you serve a notice of appearance on the undersigned attorney, you are entitled to notice before a default judgment may be entered.



BALINT & ASSOCIATES, PLLC
5950 SIXTH AVE SOUTH, #200
SEATTLE, WA 98108
Phone: (206) 728-7799
Fax: (206) 728-2729

Dated this 4th day of October, 2022.

BALINT & ASSOCIATES, PLLC

By: *David J. Balint*

David J. Balint (WSBA #5881)
Of Attorneys for Plaintiff



BALINT & ASSOCIATES, PLLC
5950 SIXTH AVE SOUTH, #200
SEATTLE, WA 98108
Phone: (206) 728-7799
Fax: (206) 728-2729

## CERTIFICATE OF SERVICE

I hereby declare under the penalty of perjury under the laws of the State of Washington that I have served a true and correct copy of the foregoing, except where noted, upon the individual(s) listed by the following means:

AMICA Mutual Insurance Company
C/O Office of the Insurance Commissioner
Service of Legal Process
PO Box 40255
Olympia, WA 98504

[X] U.S. Postal Service (First Class)
[ ] Facsimile to ________________
[ ] Hand Delivery ________________
[ ] Via Legal Messenger for Service by ABC Legal
[ ] E-Service

DATED: 10-6-22

By: [signature]
Name: Reno Ettienne
Title: Paralegal



BALINT & ASSOCIATES, PLLC
5950 SIXTH AVE SOUTH, #200
SEATTLE, WA 98108
Phone: (206) 728-7799
Fax: (206) 728-2729

# EXHIBIT C

MIKE KREIDLER
STATE INSURANCE COMMISSIONER

STATE OF WASHINGTON

Phone: 360-725-7000
www.insurance.wa.gov

OFFICE OF
INSURANCE COMMISSIONER

Certificate number **24461** is being issued to certify that the Insurance Commissioner of the State of Washington (OIC) has **ACCEPTED** service of process in the matter below.

COPY RECEIVED
OCT 13 2022
DAVID J. BALINT, PLLC
ATTORNEY AT LAW

| | |
|---|---|
| Date Service of Process Accepted: | 10/07/2022 |
| Certificate Issued: | 10/07/2022 |
| Issued By: | John Weeks JW |
| Certificate Type: | First Attempt |
| Certified Mailing Number: | 70220410000160524426 |
| Service Requested Upon: | AMICA MUTUAL INSURANCE COMPANY<br>SUZANNE E. CASEY (ASST VP, SEC)<br>PO BOX 6008<br>PROVIDENCE, RI 02940 US |
| Authorized in Washington: | Yes |
| Attorney Details: | David J. Balint<br>Balint & Associates, PLLC<br>5950 Sixth Avenue<br>Suite 200<br>Seattle, WA 98108 US<br>206-728-7799 |
| Case Number: | 22-216255-4 |
| Plaintiff: | CHANDRASI GAEKWAR, a single individual |
| Defendant: | AMICA MUTUAL INSURANCE COMPANY, a foreign corporation |
| Documents: | SUMMONS<br>COMPLAINT FOR BREACH OF CONTRACT AND INSURANCE BAD FAITH AND VIOLATIONS OF THE INSURANCE FAIR CONDUCT ACT AND CONSUMER PROTECTION ACT<br>ORDER SETTING CIVIL CASE SCHEDULE<br>CASE INFORMATION COVER SHEET AND AREA DESIGNATION<br>PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT AMICA MUTUAL INSURANCE COMPANY |

# EXHIBIT D

Dept. 38
Trial Date: 10/09/2023

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| CHANDRASI GAEKWAR, a single individual,<br><br>Plaintiff,<br>v.<br><br>AMICA MUTUAL INSURANCE COMPANY, a foreign corporation,<br><br>Defendant. | No. 22-2-16255-4 SEA<br><br>**NOTICE OF APPEARANCE**<br><br>**(Clerk's Action Required)** |

TO: The Clerk of the Court; and

TO: Plaintiff and Plaintiff's Counsel of Record

**PLEASE TAKE NOTICE** that the undersigned hereby appears for Amica Mutual Insurance Company ("Amica") without waiving objections as to:

1. Lack of jurisdiction over the subject matter;
2. Lack of jurisdiction over the person;
3. Improper venue;
4. Insufficiency of process;
5. Insufficiency of service of process;
6. Failure to state a claim upon which relief may be granted;



WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WASHINGTON 98109
(206) 622-0494/FAX (206) 587-2476

7. Failure to join a party under Rule 19;

8. Failure to bring an action within the time limited by law; and

9. Failure to comply with insurance policy provisions causing the filing of this action to be untimely and premature.

You are hereby directed to serve all future pleadings or papers, excepting process, upon the undersigned attorneys, at the address stated below.

DATED this 21st day of October, 2022.

**WATHEN | LEID | HALL | RIDER, P.C.**

*s/ Rory W. Leid, III*
Rory W. Leid, III, WSBA #25075

*s/ Lucy B. Wilhelm*
Lucy B. Wilhelm, WSBA #57130
*Attorney for Amica*
222 Etruria Street
Seattle, WA 98109
Tel: (206) 622-0494 | Fax: (206) 587-2476
rleid@cwlhlaw.com | lwilhelm@cwlhlaw.com

## CERTIFICATE OF SERVICE

The undersigned makes the following declaration certified to be true under penalty of perjury pursuant to RCW 9A.72.085:

On the date given below, I caused the *original* of the foregoing to be filed using the King County Superior Court Clerk's e-Filing application, and I caused to be served a true and correct *copy* on the following individual(s) in the manner indicated:

| | |
|---|---|
| **Counsel for Plaintiff:**<br>David J. Balint, WSBA #05881<br>BALINT & ASSOCIATES, PLLC<br>5950 Sixth Avenue South, #200<br>Seattle, WA 98108<br>T : 206 728 7799<br>dbalint@balintlaw.com<br>rettienne@balintlaw.com | **Via Email/E-Service**<br>**Via US Mail** |

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated this 21st day of October, 2022, at Seattle, Washington.

*s/Jan Sherred*
Jan Sherred, Legal Assistant
jsherred@cwlhlaw.com



WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WASHINGTON 98109
(206) 622-0494/FAX (206) 587-2476

# EXHIBIT E

# Amica Mutual Insurance Company

Lincoln, Rhode Island



**DECLARATIONS** **PERSONAL AUTO POLICY NO.** [redacted]

**NAMED INSURED AND ADDRESS**
CHANDRASI M. GAEKWAR
[redacted]

**POLICY PERIOD: 12:01 A.M., STANDARD TIME**
**From:** MAY 28, 2019
**To:** MAY 28, 2020

| Auto No | DESCRIPTION OF AUTO(S) OR TRAILER(S) | LOSS PAYEE |
|---|---|---|
| 1 | 2015 TOYOTA HIGHLANDER LIMITED/PLATIN UTILITY - VIN 5TDDKRFHXFS139121 USE: AVERAGE DAILY MILEAGE 10 MILES | |
| | | |
| | | |
| | | |
| | | |
| | | |

The Auto(s) or Trailer(s) described in this policy is principally garaged at the above address unless otherwise stated on the coverage pages.

SAFE DRIVER RATES APPLY.

**RATES ARE BASED ON THE FOLLOWING HOUSEHOLD DRIVERS**

| Driver | NAME | DRIVER'S LICENSE NUMBER | Date of Birth Mo. | Date of Birth Day | Date of Birth Year | Male or Female | Married or Single | Date First Licensed Mo. | Date First Licensed Year |
|---|---|---|---|---|---|---|---|---|---|
| 1 | CHANDRASI M. GAEKWAR | G01181207409452 | [redacted] | | 45 | M | S | 09 | 61 |
| 2 | | | | | | | | | |
| 3 | | | | | | | | | |
| 4 | | | | | | | | | |
| 5 | | | | | | | | | |
| 6 | | | | | | | | | |

# Amica Mutual Insurance Company

Lincoln, Rhode Island



## CONTINUATION OF DECLARATIONS FOR PERSONAL AUTO POLICY NO. [redacted]

**NAMED INSURED**
CHANDRASI M. GAEKWAR

COVERAGE IS PROVIDED WHERE A PREMIUM AND A LIMIT OF LIABILITY IS SHOWN FOR THE COVERAGE

| COVERAGES | LIMIT OF LIABILITY | PREMIUMS | | AUTO 1 2015 TOYO |
|---|---|---|---|---|
| A. LIABILITY | $ [redacted] each accident | | | $ [redacted] |
| B. MEDICAL PAYMENTS | $ each person | | | |
| C. UNINSURED MOTORISTS | $ each accident | | | |
| D. DAMAGE TO YOUR AUTO | (ACV means Actual Cash Value) | | | |
| 1. Collision Loss ACV minus deductible of | AUTO 1 $ 500 | | | $ [redacted] |
| 2. Other Than Collision Loss ACV minus deductible of | AUTO 1 $ 500 | | | $ [redacted] |
| TOWING AND LABOR COSTS | $ 100 each disablement | | | $ [redacted] |
| [redacted] | | | | $ [redacted] |

*UNDERINSURED MOTORISTS $ 300,000 EACH ACCIDENT $ [redacted]
BODILY INJURY AND PROPERTY DAMAGE
INCLUDES UNINSURED MOTORISTS
$10,000 WA BASIC PERSONAL INJURY PROTECTION $ [redacted]
FULL SAFETY GLASS COVERAGE $ [redacted]

**GARAGING LOCATION**
1-IN GARAGE [redacted]

TOTAL PREMIUM $ [redacted]

# Amica Mutual Insurance Company

Lincoln, Rhode Island



## CONTINUATION OF DECLARATIONS FOR PERSONAL AUTO POLICY NO. [redacted]

**NAMED INSURED**
CHANDRASI M. GAEKWAR

### SPECIAL DISCOUNTS

PASSIVE RESTRAINT DISCOUNT AUTO 1
ANTI-THEFT DEVICE DISCOUNT AUTO 1
FWD COLLISION WARNING SYS DISC AUTO 1
MULTI-LINE DISCOUNT-HOME
ELEC STABILITY CONTROL DISCOUNT AUTO 1
MULTI-CAR DISCOUNT
LOYALTY DISCOUNT
PAID IN FULL DISCOUNT
AUTOPAY DISCOUNT

### Form and Endorsements made part of this policy at time of issue:

| | |
|---|---|
| PP 00 01 01 05 | PERSONAL AUTO POLICY |
| PP 03 03 04 86 | TOWING AND LABOR COSTS COVERAGE |
| PP 04 75 06 98 | SINGLE UNDERINSURED MOTORISTS LIMITS - WASHINGTON |
| PP 05 69 07 16 | PERSONAL INJURY PROTECTION COVERAGE - WASHINGTON |
| PP 03 02 06 98 | OPTIONAL LIMITS TRANSPORTATION EXPENSES COVERAGE |
| PP 13 06 01 09 | CUSTOM EQUIPMENT EXCLUSION ENDORSEMENT |
| PP 23 16 10 13 | PERSONAL VEHICLE SHARING PROGRAM EXCLUSION ENDORSEMENT |
| PP 01 62 07 10 | AMENDMENT OF POLICY PROVISIONS - WASHINGTON |
| AM 00 28 11 18 | AMENDMENT OF PERSONAL AUTO POLICY PROVISIONS |
| PP 03 09 01 05 | SINGLE LIABILITY LIMIT |
| PP 13 01 12 99 | COVERAGE FOR DAMAGE TO YOUR AUTO EXCLUSION ENDORSEMENT |
| PP 04 81 09 15 | UNDERINSURED MOTORISTS COVERAGE - WASHINGTON |
| PP 23 40 10 15 | PUBLIC OR LIVERY CONVEYANCE EXCLUSION ENDORSEMENT |
| AM 00 70 12 09 | FULL SAFETY GLASS COVERAGE |

This policy shall not be valid unless countersigned by our authorized agent or representative.

Countersigned by............Dinari DuPont............

Authorized Representative

# EXHIBIT F

***BALINT & ASSOCIATES, PLLC***
***ATTORNEYS AT LAW***
***5950 Sixth Avenue South, Suite 200***
***Seattle, Washington 98108***
***Telephone: (206) 728-7799 // Facsimile: (206) 728-2729 // Cell: (206) 947-7988***
***Email: dbalint@balintlaw.com***

*David J. Balint*
*Donald J Horowitz, Of Counsel*

July 25, 2022

Thomas Grundy
AMICA – UIM Dept.
PO Box 9690
Providence, RI 02940-9690

**Sent via Email &**
**Regular Mail:**
tgrundy@amica.com

| | |
|---|---|
| Client: | Chandrasi Gaekwar |
| Our File No.: | 2814 (P-17.1) |
| Amica Claim #: | 60003757148 |
| Date of Incident: | 01/25/2020 |

**NOTICE OF CLAIM UNDER INSURANCE FAIR CONDUCT ACT (RCW 48.30.015)**

Dear Mr. Grundy,

The purpose of this letter is to give Amica Insurance Company an opportunity to rectify its bad faith handling of the underinsured motorist claim of Chandrasi Gaekwar. We settled, with your knowledge, the underlying case against the tortfeasor, for $50,000 through Nationwide Insurance. Mr. Gaekwar's damages were clearly outlined in the demand package to Nationwide dated November 4, 2020. A copy of the demand and supporting documents were provided to Amica on November 4, 2020.

On February 9, 2021 additional documents were provide to Amica along with an opportunity to settle the UIM claim for $140,000 new money. Amica's UIM policy limits are $300,000. That opportunity was based on the risk that Mr. Gaekwar might not have further surgery. Amica's offer was a meaningless $1,000. Plaintiff decided to wait to determine for sure whether the knee replacement surgery would be necessary and, if so, the risk factor mentioned above would be resolved and the amount of the medical bills would be substantially increased.

Once surgery was decided, we informed Amica of this and asked for a reconsideration of Amica's settlement posture. See the letter of March 22, 2021. Amica failed to take seriously my client's medical condition and the scheduling of surgery, making a de minimis increase to $5,000.

Then on June 30, 2022 a large amount of updated information and documentation was again provided to Amica, along with medical bills, as well as the sworn declaration of the surgeon establishing proximate cause. The June 30 letter again asked Amica if there was any other documentation or information it needed. At no time did Amica ask for additional information or documentation. At no time did Amica request additional time for its investigation of the claim.

Despite the substantial amount of information available, no new offer was made.

All of the documentation necessary to fairly evaluate this claim has been previously sent to you.

In case you are not familiar with Washington State insurance law, please read the following information carefully:

**<u>This letter constitutes an Insurance Fair Conduct Notice against Amica Insurance Co. for the handling of this UIM claim. Therefore, this notice in the required form is being directed simultaneously to the Washington State Insurance Commissioner and Amica.</u>**

RCW 48.30.015 is entitled **"**Unreasonable denial of a claim for coverage or payment of benefits.**"** It provides, in relevant part:

> "**(1)** Any first party claimant to a policy of insurance who is unreasonably denied a claim for coverage or payment of benefits by an insurer may bring an action in the superior court of this state to recover the actual damages sustained, together with the costs of the action, including reasonable attorneys' fees and litigation costs, as set forth in subsection (3) of this section.
>
> **(2)** The superior court may, after finding that an insurer has acted unreasonably in denying a claim for coverage or payment of benefits or has violated a rule in subsection (5) of this section, increase the total award of damages to an amount not to exceed three times the actual damages.
>
> **(3)** The superior court shall, after a finding of unreasonable denial of a claim for coverage or payment of benefits, or after a finding of a violation of a rule in subsection (5) of this section, award reasonable attorneys' fees and actual and statutory litigation costs, including expert witness fees, to the first party claimant of an insurance contract who is the prevailing party in such an action**…**
>
> **…(5)** A violation of any of the following is a violation for the purposes of subsections (2) and (3) of this section:
> (a) WAC 284-30-330, captioned 'specific unfair claims settlement practices defined'**…**
> **…**(c) WAC 284-30-360, captioned 'failure to acknowledge pertinent communications';
> (d) WAC 284-30-370, captioned 'standards for prompt investigation of claims';
> (e) WAC 284-30-380, captioned 'standards for prompt, fair and equitable settlements applicable to all insurers'; or
> (f) An unfair claims settlement practice rule adopted under RCW 48.30.010 by the insurance commissioner intending to implement this section**…[**WAC 284-30]
>
> **…(8)**(a) Twenty days prior to filing an action based on this section, a first party claimant must provide written notice of the basis for the cause of action to the insurer and office of the insurance commissioner. Notice may be provided by regular mail, registered mail, or certified mail with return receipt requested. Proof of notice by mail may be made in the same manner as prescribed by court rule or statute for proof of service by mail.

> The insurer and insurance commissioner are deemed to have received notice three business days after the notice is mailed.
>
> (b) If the insurer fails to resolve the basis for the action within the twenty-day period after the written notice by the first party claimant, the first party claimant may bring the action without any further notice…"

In violation of WAC 284-30-370, Amica has consistently failed to properly and timely investigate or fairly evaluate the damage claims of Chandrasi Gaekwar. It hired a North Carolina doctor to do a paper records review. There is no evidence that the batches of updated informant were provided to this opinion witness, nor did he examine my client, nor did he speak with treating medical providers, nor did he ask for any further information. It is inexplicable why Amica did not furnish this doctor with my client's historical (pre-crash) medical records. In discovery Dr. Kearney's historical relationship to Amica and the insurance industry will be explored.

Amica is in violation of the following provisions of WAC 284-30-330 entitled "Specific unfair claims settlement practices defined":

> **"**The following are hereby defined as unfair methods of competition and unfair or deceptive acts or practices of the insurer in the business of insurance, specifically applicable to the settlement of claims:
>
> …(3) Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies.
>
> (4) Refusing to pay claims without conducting a reasonable investigation.
>
> (6) Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear**…**
>
> **…**(7) Compelling a first party claimant to initiate or submit to litigation, arbitration, or appraisal to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in such actions or proceedings**…"**

As to Amica's failure to have done a reasonable investigation of the damages, WAC 284-30-370, entitled "Standards for prompt investigation of a claim," provides as follows:

> **"**Every insurer must complete its investigation of a claim within thirty days after notification of claim, unless the investigation cannot reasonably be completed within that time. All persons involved in the investigation of a claim must provide reasonable assistance to the insurer in order to facilitate compliance with this provision.**"**

Amica had access to my client's medical records and bills from almost the beginning of this case because the bills were submitted to them pursuant to its PIP coverage. There was no effort by Amica (or your opinion witness) to interview or examine its insured even though it had a right to do so under its insurance policy.

In Washington insurers have a statutory duty of good faith. RCW 48.01.030. The insurer's duty of good faith is based on a fiduciary relationship which involves more than the usual "honesty and lawfulness of purpose" which constitutes the standard definition of good faith. "It implies 'a broad obligation of fair dealing,' and a responsibility to give 'equal consideration' to the insured's interests." *Tank v. State Farm Fire & Cas. Co*., 105 Wn.2d 381, 385-86, 715 P.2d 1133 (1986).

Amica’s low ball offer constitutes an IFCA violation. *Morella v. Safeco Ins. Co. of Ill.,* No. C12-0672RSL, 2013 WL 1562032, at *3 (W.D. Wash. Apr. 12, 2013). *Langley v. GEICO General Ins. Co*., 89 F.Supp.3d 1083 (E.D. Wash. 2015)

Mr. Gaekwar purchased insurance from Amica with hopes that when the time came, he would be treated fairly. Hopefully, Amica will take the time this 20-day notice period to make an effort to treat its inured fairly. Mr. Gaekwar earnestly does not want to be forced into litigation. He is angry, frustrated and stressed about Amica’s failures to treat him fairly and to imply that he is untruthful about the effects of this crash. Please review, in particular, paragraph 3 of the IFCA statute.

Very truly yours,
BALINT & ASSOCIATES, PLLC

David J. Balint

Cc: client
Cc: Washington State Insurance Commissioner

# EXHIBIT G

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| CHANDRASI GAEKWAR, a single individual,<br><br>Plaintiff,<br>v.<br><br>AMICA MUTUAL INSURANCE COMPANY, a foreign corporation,<br><br>Defendant. | No. 22-2-16255-4 SEA<br><br>**NOTICE OF REMOVAL PURSUANT TO 28 USC §1332, 28 USC §1441 and 28 USC §1446**<br><br>*(Clerk's Action Required)* |

TO: King County Superior Court Clerk;

AND TO: Plaintiff and Plaintiff's Counsel of Record

**NOTICE IS HEREBY GIVEN** that on this day, Defendant Amica Mutual Insurance Company, in the above-entitled action filed in the Superior Court of the State of Washington in and for King County, filed a Notice of Removal to the United States District Court for the Western District of Washington at Seattle, pursuant to 28 U.S.C. §1441(a).

A copy of the Notice of Removal is attached hereto as **Exhibit A** and served herewith.

DATED this 2nd day of November 2022, at Seattle, Washington.



WATHEN | LEID | HALL | RIDER, P.C.
222 Etruria Street
Seattle, WA, 98109
(206) 622-0494/Fax (206) 587-2476

**WATHEN | LEID | HALL | RIDER, P.C.**

*s/ Rory W. Leid, III*
Rory W. Leid, III, WSBA #25075

*s/ Lucy B. Wilhelm*
Lucy B. Wilhelm, WSBA #57130
*Attorney for Amica*
222 Etruria Street
Seattle, WA 98109
Tel: (206) 622-0494 | Fax: (206) 587-2476
rleid@cwlhlaw.com | lwilhelm@cwlhlaw.com

# CERTIFICATE OF SERVICE

The undersigned makes the following declaration certified to be true under penalty of perjury pursuant to RCW 9A.72.085:

On the date given below, I caused the *original* of the foregoing to be filed using the King County Superior Court Clerk's e-Filing application, and I caused to be served a true and correct *copy* on the following individual(s) in the manner indicated:

| | |
|---|---|
| **Counsel for Plaintiff:**<br>David J. Balint, WSBA #05881<br>BALINT & ASSOCIATES, PLLC<br>5950 Sixth Avenue South, #200<br>Seattle, WA 98108<br>T : 206 728 7799<br>dbalint@balintlaw.com<br>rettienne@balintlaw.com | **Via Email/E-Service**<br>**Via US Mail** |

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated this 2nd day of November 2022, at Seattle, Washington.

*s/ Brianna Asman*
Brianna Asman, Legal Assistant
basman@cwlhlaw.com



WATHEN | LEID | HALL | RIDER, P.C.
222 Etruria Street
Seattle, WA, 98109
(206) 622-0494/Fax (206) 587-2476

# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| CHANDRASI GAEKWAR, a single individual,<br><br>Plaintiff,<br><br>v.<br><br>AMICA MUTUAL INSURANCE COMPANY, a foreign corporation,<br><br>Defendant. | Case No. 2:22-cv-1551<br><br>King County Case No. 22-2-16255-4 SEA<br><br>**NOTICE OF REMOVAL PURSUANT TO 28 USC §1332, 28 USC §1441 and 28 USC §1446**<br><br>(<u>Clerk's Action Required</u>) |

TO: The Clerk of the United States District Court for the Western District of Washington;

AND TO: Plaintiff and Plaintiff's Counsel of Record.

**PLEASE TAKE NOTICE** that Defendant Amica Mutual Insurance Company hereby removes to this Court the state court action described below. In support thereof, Defendant states as follows:

1. Plaintiff filed the initial Summons and Complaint with King County Superior Court on October 7, 2022. *See* **Exhibit A** (Plaintiff's Complaint) **Exhibit B** (Summons). The Cause Number assigned to the above-mentioned case is 22-2-16255-4 SEA.



WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WASHINGTON 98109
(206) 622-0494/FAX (206) 587-2476

## COMPLETE DIVERSITY EXISTS

2. In the Complaint, Plaintiff is purportedly a resident of King County, Washington. *See* **Ex. A**, ¶1.

3. Defendant Amica Mutual Insurance is a foreign insurance company headquartered and with its principal place of business in the State of Rhode Island. AMICA is a citizen of Rhode Island. For purposes of determining diversity jurisdiction under 28 U.S.C. §1332, AMICA is a Rhode Island resident.

## AMOUNT IN CONTROVERSY

4. The removing Defendant bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

5. In Plaintiff's Complaint, Plaintiff alleges he is entitled to insurance coverage under a policy of insurance issued by Amica Mutual Insurance, policy no. 90054621TQ (hereinafter the "Policy"). *See generally* **Exhibit E.**

6. The subject policy provides UIM coverage in the amount of $300,000 per person, subject to the terms and conditions of the Policy. *Id.*

7. Plaintiff's complaint references the notice of intent letter served on Amica Mutual Insurance and the Office of the Insurance Commissioner. This letter states that, "additional documents were provide [*sic*] to Amica along with an opportunity to settle the UIM claim for $140,000 new money." **Exhibit F** attachment C. The amount in controversy is thereby at least $140,000.

8. Plaintiff maintains he is entitled to contractual benefits in addition to extracontractual remedies. *See generally* **Ex. E.**



WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WASHINGTON 98109
(206) 622-0494/FAX (206) 587-2476

9. In addition to general and special damages, Plaintiff alleges that Allstate is liable to Plaintiff for enhanced damages including, without limitation, **treble damages** as authorized by the Insurance Fair Conduct Act and for reasonable attorneys' fees and costs incurred in the prosecution of this action. *See* **Exhibit A**, *Prayer for Relief.* The amount in controversy, exclusive of interest and costs, therefore, exceeds $75,000.00.

10. Further, where an underlying statute authorizes an award of attorney's fees, such fees may be included in the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). A reasonable estimate of attorney's fees likely to be expended throughout the entire litigation is properly included within the amount in controversy. *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998).

11. After combining the contractual damages, noneconomic damages, and general damages including trebling of damages pursuant to RCW 48.30.015(2)-(3), Defendant has shown, by a preponderance of the evidence, that the amount in controversy requirement for diversity jurisdiction is met.

## JURISDICTION

12. For purposes of determining jurisdiction under 28 U.S.C. § 1332, Plaintiff is a citizen of the State of Washington. Defendant is a citizen of the State of Rhode Island.

13. The amount in controversy exceeds $75,000.00, exclusive of interest.

14. This Court, therefore, has jurisdiction pursuant to 28 U.S.C. § 1332 and removal is proper pursuant to 28 U.S.C. § 1441.

## TIMELINESS

15. Defendant believes that the Summons and Complaint were filed by Plaintiff on October 4, 2022. The date of filing this Notice of Removal is believed to be within thirty (30)



WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WASHINGTON 98109
(206) 622-0494/FAX (206) 587-2476

days from the date this matter first became removable.

## INTRADISTRICT ASSIGNMENT

16. Pursuant to Local Rule 3(e) for the United States District Court for the Western District of Washington, this case should be assigned to the Seattle Division because the case is removed from King County Superior Court. Plaintiff alleges in the Complaint that he is a resident of King County, and that Amica is a foreign insurer doing business in the State of Washington. *See,* Exhibit A ¶¶ 1 and 2.

## COPY OF SUMMONS AND COMPLAINT

In accordance with Western District of Washington Local Rule 101(b), counsel for Defendant hereby verifies that these Exhibits, along with this Notice of Removal, are true and complete copies of all the records and proceedings filed in the state court in this matter. Pursuant to Local Rule 101(b), Defendant is also filing contemporaneously with this Notice of Removal a copy of the operative complaint as a separate attachment in the ECF system labeled as the complaint.

1. Attached to this Notice as **Exhibit A** is a true and correct copy of Plaintiff's initial and Complaint filed October 7, 2022.

2. Attached to this Notice as **Exhibit B** is a true and correct copy of Plaintiff's Summons filed October 7, 2022.

3. Attached to this Notice as **Exhibit C** is a true and correct copy of the Insurance Commissioners Proof of Service dated October 13, 2022.

4. Attached to this Notice as **Exhibit D** is a true and correct copy of the Notice of Appearance filed October 21, 2022.



WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WASHINGTON 98109
(206) 622-0494/FAX (206) 587-2476

5. Attached to this Notice as **Exhibit E** is a true and correct copy of the Declaration Pages of Plaintiff's AMICA Policy.

6. Attached to this Notice as **Exhibit F** is a true and correct copy of the IFCA Complaint dated July 25, 2022.

7. Defendant will file the appropriate notice of this removal with the Clerk of the King County Superior Court for Cause Number 22-2-16255-4. A copy of this Notice is attached as **Exhibit G.**

DATED this 2nd day of November 2022.

**WATHEN | LEID | HALL | RIDER, P.C.**

*s/ Rory W. Leid, III*
Rory W. Leid, III, WSBA #25075

*s/ Lucy B. Wilhelm*
Lucy B. Wilhelm, WSBA #57130
*Attorney for Amica*
222 Etruria Street
Seattle, WA 98109
Tel: (206) 622-0494 | Fax: (206) 587-2476
rleid@cwlhlaw.com | lwilhelm@cwlhlaw.com

## CERTIFICATE OF SERVICE

The undersigned makes the following declaration certified to be true under penalty of perjury pursuant to RCW 9A.72.085:

On the date given below, I hereby certify that I caused the foregoing to be filed using the United States District Court for Western District of Washington – Document Filing System (CM/ECF) and a true and correct copy to be served on the following parties in the manner indicated:

| | |
|---|---|
| **Counsel for Plaintiff:**<br>David J. Balint, WSBA #05881<br>BALINT & ASSOCIATES, PLLC<br>5950 Sixth Avenue South, #200<br>Seattle, WA 98108<br>T : 206 728 7799<br>dbalint@balintlaw.com<br>rettienne@balintlaw.com | **Via Email/E-Service**<br>**Via US Mail** |

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated this 2nd day of November 2022, at Seattle, Washington.

*s/ Brianna Asman*
Brianna Asman, Legal Assistant
basman@cwlhlaw.com



WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WASHINGTON 98109
(206) 622-0494/FAX (206) 587-2476