The Honorable Barbara J. Rothstein

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHANDRASI GAEKWAR,

        Plaintiff,

   v.

AMICA MUTUAL INSURANCE COMPANY,

        Defendant.

Civil Action No. 2:22-cv-1551-BJR

**ORDER ON MOTIONS IN LIMINE**

## I.    INTRODUCTION

Plaintiff Chandrasi Gaekwar ("Plaintiff") brings this action against Defendant Amica Mutual Insurance Company ("Amica") for breach of contract, bad faith, and violation of the Insurance Fair Conduct Act ("IFCA"), as well as the Washington Consumer Protection Act ("WCPA"). The matter is set for trial on January 22, 2024 and currently before the Court are the parties' motions in limine. Dkt. Nos. 49 and 50. Having reviewed the motions, oppositions thereto, the record of the case, and the relevant legal authority, the Court rules as follows.

## II.    DISCUSSION

The parties filed twenty-four motions in limine, eight of which are agreed and the Court will not address those motions.[1] The Court rules on the contested motions as follows:

---

[1] The agreed motions are: Plaintiff's motions Nos. 1, 5, and 6 and Amica's motions Nos. 5, 7, 9, 10, and 13.

A.      **Plaintiff's Motions in Limine**

No. 2: "No Expression of Sympathy Toward Plaintiff by Witness or Counsel"

The Court denies this motion, but Plaintiff may object at trial if he feels that the expression becomes excessive.

No. 3: "No Opinions Interpreting the Law"

The Court grants the motion.

No. 4: "No Reference to Lack of 'Intentional' Violations by Amica"

The Court denies this motion. The jury will be instructed on the proper legal standard through the jury instructions.

No. 7: "To Exclude Hearsay and Other Improper Evidence in Medical Records and Exclude Admissibility of Bulk Medical Records"

The Court denies this motion as it is too general for the Court to consider and make an effective ruling.

No. 8: Referring to Defense Medical Exam Doctors as Independent"

The Court denies this motion. Plaintiff can address the issue of "independence" on cross-examination.

No. 9: "Witnesses Comments on Creditability"

Plaintiff does not offer specific concerns about potential witness testimony. Therefore, the Court denies the motion but Plaintiff may raise an objection to specific testimony at trial if appropriate.

No. 10: "Statistical Evidence"

The Court denies this motion. Statistical evidence is appropriately within the purview of an expert's testimony. Plaintiff may challenge the expert's use of such testimony on cross-examination.

No. 11: "To Exclude Evidence of Collateral Sources (Except Amica PIP Payments)"

The Court holds in abeyance ruling on this motion. The Court expects to hear arguments on this motion at the Pretrial Conference and the parties should be prepared with authorities that address underinsured motorist claims specifically.

### B.     Amica's Motions in Limine

No. 1: "Prior Employee Testimony is not Binding on Amica"

The Court denies this motion. The testimony of prior employee who handled Plaintiff's claim is relevant.

No. 2: Actions Post-IFCA are not Bad Faith"

The Court grants this motion.

No. 3: UIM Claims are adversarial and testimony suggesting otherwise should be excluded"

The Court grants this motion. Mr. Dykstra's testimony on the legal standard is irrelevant, particularly where liability is not challenged as in this case.

No. 4: "Admission of Property Damage Photos"

The Court grants this motion. Plaintiff may address the potential shortcomings of the photographs during cross-examination.

No. 6: "30(b)(6) Testimony outside the Scope of Plaintiff's 30(b0(6) Topic Should Be Excluded"

The Court denies this motion. Amica failed to raise objections to this testimony during the depositions.

No. 8: "Evidence of damages beyond those disclosed in discovery should be excluded"

The Court holds ruling on this motion in abeyance. The parties shall discuss this issue further. The Court will hear arguments on this motion at the Pretrial Conference if the parties are unable to come to agreement on this motion.

Nos. 11 and 12: "Amica training materials and references thereto should be excluded as irrelevant and confusing" and "Any training materials created by outside entities and references thereto should be excluded"

The Court denies these motions. Materials used to train Amica employees that handled Plaintiff's claim are relevant.

### III.   CONCLUSION

For the foregoing reasons, the Court HEREBY RULES as follows:

A.   The Court GRANTS Plaintiff's motions in limine No. 3, DENIES Nos. 2, 4, 7, 8, 9, and 10, and holds in abeyance No. 11;

B.   The Court GRANTS Amica's motions in limine Nos. 2, 3, and 4, DENIES Nos. 1, 6, 11, and 12, and holds in abeyance No. 8.

Dated this 6th day of January 2024.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge