1

2

3

4

5

6

7

The Honorable Barbara J. Rothstein

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10

11

12

13

CHANDRASI GAEKWAR,

          Plaintiff,

   v.

AMICA MUTUAL INSURANCE COMPANY,

          Defendant.

Civil Action No. 2:22-cv-1551-BJR

**ORDER DENYING MOTION FOR
RECONSIDERATION**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## I.      INTRODUCTION

Plaintiff Chandrasi Gaekwar ("Plaintiff") brings this action against Defendant Amica Mutual Insurance Company ("Amica") for breach of contract, bad faith, and violation of the Insurance Fair Conduct Act ("IFCA"), as well as the Washington Consumer Protection Act ("WCPA"). Currently before the Court is Amica's motion for reconsideration of this Court's November 28, 2023 Order denying Amica's Motion for Partial Summary Judgment ("the November 2023 Order"). Dkt. Nos. 52 and 46, respectively. Having reviewed the motion, opposition thereto, the record of the case, and the relevant legal authority, the Court will deny the motion. The reasoning for the Court's decision follows.

## II.      BACKGROUND

The facts underlying this lawsuit are set forth in the November 2023 Order and will not be restated here. It is sufficient to state that in August 2023, Amica requested that this Court grant the insurer summary judgment on Plaintiff's extracontractual claims, which this Court denied in the November 2023 Order. Amica now moves this Court to reconsider its determination that Amica is not entitled to summary judgment on Plaintiff's claims alleging violation of the IFCA, for bad faith, and violation of the WCPA. Amica asserts that this Court committed manifest error in determining that a dispute of material fact exists as to whether Amica conducted a reasonable investigation of Plaintiff's underinsured motorist ("UIM") claim and in determining that Plaintiff has alleged damages sufficient to state a claim under the WCPA.

## III.      STANDARD OF REVIEW

Motions for reconsideration are governed by Local Rule 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rules W.D. Wash. LCR 7(h). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

## IV.      DISCUSSION

### A.      The IFCA and Bad Faith Claims

Amica asserts that this Court's ruling on the IFCA and bad faith claims is manifestly erroneous for two reasons. First, Amica argues that the ruling is erroneous to the extent that it

relies on the fact that Amica did not send "all of the records in its possession" to its expert, Dr. Kearney, before relying on Dr. Kearney's opinion in determining what amount it would offer Plaintiff to settle his UIM claim. Dkt. No. 52 at 8. Second, Amica argues that this Court's ruling "does not hold Plaintiff to his burden of proving that some act in the claim handling was frivolous or unfounded." *Id.*

Amica misinterprets this Court's ruling. The Court did not deny Amica's request for summary judgment on Plaintiff's IFCA and bad faith claims because Amica failed to provide Dr. Kearney with a complete set of Plaintiff's medical records; rather, the Court denied Amica's motion because the case "record contains contradictory evidence" as to whether Amica's offer to resolve the UIM claim was unreasonably low and further creates a "dispute of material fact" as to "whether Amica completed a reasonable investigation before refusing to pay for Plaintiff's knee surgery [.]" Dkt. No. 46 at 8, 11. The record evidence establishes that Amica was aware that Plaintiff had a history of left knee pain but that he had been doing well in the months prior to the accident. Amica suggest that it was not aware of this evidence prior to extending its UIM settlement offer but the record contradicts Amica's claim. *See e.g.*, Dkt. No. 29, Ex. 1 at 71-72 (Claim file notes stating "Arthroplasty discussed, but he had been getting along well before the crash, he elected to save the option of surgery for last"; stating that knee pain was "aggravated by MVA"); Ex. 3 at AMICA 0062 (Demand letter acknowledging that Plaintiff had preexisting knee issues but stating that "any remotely relevant historical conditions were dormant by the time of this crash"). Moreover, the November 4, 2020 demand letter refer includes Plaintiff's medical records from before the accident. There is a question as to whether those medical records were included in the version of the demand letter sent to Amica. This is not a dispute of fact that the Court can resolve on summary judgment and, even if the Court did resolve that issue in favor of

1   Amica, it would still be for the jury to determine whether Amica's failure to request the reference

2   medical records was reasonable. In short, Plaintiff produced sufficient evidence to create a dispute

3   of material fact rendering summary judgment on the IFCA and bad faith claims inappropriate.

4          **B.      The WCPA Claim**

5          Next Amica claims that this Court committed manifest error when it "appl[ied] *Peoples v.*

6   *United Servs. Auto. Ass'n*" to Plaintiff's WCPA claim. Dkt. No. 66 at 1. Amica had moved for

7   summary judgment on Plaintiff's WCPA claim, arguing that Plaintiff cannot maintain such a

8   claim because he does not allege any injury to his business or property, a required element for a

9   WCPA claim. Relying on *Peoples v. United Servs. Auto. Ass'n*, 194 Wash.2d 771, 779 (2019) in

10  which the Washington Supreme Court concluded that "the deprivation of contracted-for insurance

11  benefits is an injury to 'business or property'" for purposes of the WCPA, this Court rejected

12  Amica's argument. Amica now argues that it was manifest error for this Court to rely on *Peoples*

13  because the decision "centered on PIP coverage" and had not been extended to apply to WCPA

14  claims arising under UIM policies. Dkt. No. 66 at 1.

15         This Court disagrees with Amica. While the *Peoples* Court did not expressly address

16  WCPA claims in the context of UIM coverage, there is no reason to conclude that the Court's

17  reasoning does not apply equally in such cases. Indeed, as stated in the November 2023 Order,

18  courts in this district following the *Peoples* decision have allowed insureds to maintain WCPA

19  claims against their insurers in the context of UIM coverage. *See Santiago v. GEICO Advantage*

20  *Ins. Co.*, 2023 WL 5802523, *4 (W.D. Wash. Sept. 7, 2023) (stating WCPA claim for alleged

21  wrongful denial of UIM benefits); *Jin v. GEICO Advantage Ins. Co.*, 2023 WL 7212543, *4-*5

22  (W.D. Wash. Nov. 2, 2023) (same).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## V.      CONCLUSION

For the foregoing reasons, the Court HEREBY DENIES Amica's motion for

reconsideration of the November 2023 Order [Dkt. No. 52].

Dated this 6th day of January 2024.


_____

Barbara      Jacobs      Rothstein
U.S. District Court Judge