The Honorable Barbara J. Rothstein

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHANDRASI GAEKWAR,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>AMICA MUTUAL INSURANCE COMPANY,<br><br>　　　　　　Defendant. | Civil Action No. 2:22-cv-1551-BJR<br><br>**ORDER GRANTING MOTION TO BIFURCATE TRIAL** |

## I.　　INTRODUCTION

Plaintiff Chandrasi Gaekwar ("Plaintiff") brings this action against Defendant Amica Mutual Insurance Company ("Amica") for breach of contract, bad faith, and violation of the Insurance Fair Conduct Act ("IFCA"), as well as the Washington Consumer Protection Act ("WCPA"). Currently before the Court is Amica's Motion to Bifurcate Trial. Dkt. No. 47. Plaintiff opposes the motion. Dkt. No. 61. Having reviewed the motion and opposition thereto, the record of the case, and the relevant legal authorities, and having heard oral argument, the Court will grant the motion. The reasoning for the Court's decision follows.

## II.　　BACKGROUND

In January 2020, Plaintiff was involved in a rear-end motor vehicle accident with non-party Edgar Garcia. Plaintiff was insured by Amica at the time of the accident and there is no dispute that Plaintiff was not at fault. The Amica policy provides $10,000 in Personal Injury

Protection ("PIP") for medical expenses and underinsured motorist ("UIM") insurance in the amount of $300,000 per person. Amica concedes that Plaintiff was injured in the accident and that his initial medical treatment was reasonable, necessary, and causally related to the accident and, therefore, paid the $10,000 PIP limit. However, following the initial medical care, Plaintiff had left knee replacement surgery in December 2021. Amica disputes that the surgery was medically necessary because of the accident and therefore disputes that it is responsible for the medical expenses associated with the surgery.

The parties were unable to resolve their disagreement regarding the nature, cause, and extent of Plaintiff's injuries so Plaintiff instituted this lawsuit alleging both contractual and extracontractual claims. The matter is scheduled for a jury trial starting on January 22, 2024 and Amica now moves this Court to bifurcate the trial into two phases: the first phase would be limited to Plaintiff's UIM claim and the second phase would be limited to Plaintiff's bad faith/extracontractual claims.

### III.   STANDARD OF REVIEW

"District courts enjoy wide latitude in choosing how to conduct trials, including whether to bifurcate." *Spicher v. American Family Mutual Ins. Co.*, 2023 WL 5228506, *1 (W.D. Wash. Aug. 15, 2023) citing *Estate of Diaz v. City of Anaheim,* 840 F.3d 592, 601 (9th Cir. 2016); *see also Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 962 (9th Cir. 2001) (noting that a trial court's decision on bifurcation is reviewed for an abuse of discretion). "Federal Rule of Civil Procedure 42(b) permits courts to order a separate trial of separate claims or issues '[f]or convenience, to avoid prejudice, or to expedite and economize.'" *Spicher*, 2023 WL 5228506, *1 (W.D. Wash. Aug. 15, 2023) quoting Fed. R. Civ. Pro. 42(b). Courts consider factors including whether bifurcation would increase judicial economy, reduce the risk of jury confusion, and avoid

prejudice to the parties. *See, e.g., Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982). The party moving for bifurcation has the burden to show it is appropriate. *See Karpenski v. American General Life Companies, LLC*, 916 F. Supp. 2d 1188, 1190 (W.D. Wash. 2012).

### IV.     DISCUSSION

Amica argues that bifurcation under Federal Rule 42(b) is appropriate in this case to prevent the evidence regarding Plaintiff's extracontractual claims from influencing the jury's determination of damages on Plaintiff's UIM claim. Amica claims that evidence regarding Plaintiff's extracontractual claims is "wholly irrelevant" to the UIM claim, potentially "highly prejudicial", and risks confusing the jury. Dkt. No. 47 at 4. In addition, Amica asserts that a bifurcated trial may conserve judicial resources by potentially avoiding trial on the bad faith/extracontractual claims, depending on how the jury resolves the UIM claim.

Plaintiff opposes bifurcation of the trial. He argues that the UIM and bad faith/extracontractual claims are "so intertwined" that separating the issues will "create confusion and complicate a relatively straightforward case." Dkt. No. 61 at 1. He also claims that much of the evidence and many of the witnesses would have to be presented twice, which would unnecessarily lengthen the trial and increase costs. However, during oral argument, Plaintiff's counsel could only point to Plaintiff's testimony as being potentially duplicative.

This Court concludes that bifurcation of Plaintiff's UIM claim from the bad faith/extracontractual claims will simplify the issues for the jury and mitigate any potential prejudice to Amica that might result from allowing the jury to hear evidence regarding Amica's alleged bad faith prior to resolving the UIM claim. The Court further finds that trying the case before a single jury in two phases will minimize the need for any evidence and witnesses to be

3

presented twice, thereby undermining Plaintiff's argument that bifurcate will lengthen and increase the cost of trial.

## V. CONCLUSION

For the foregoing reasons, the Court HEREBY GRANTS Amica's motion to bifurcate the trial. The trial will be tried in two phases before the same jury. Phase one will pertain only to Plaintiff's UIM claim and Phase two will pertain only to Plaintiff's bad faith/extracontractual claims.

Dated this 8th day of January 2024.

Barbara Jacobs Rothstein
U.S. District Court Judge